we'll call our next case Courtney Douglas versus Convergent mr. Flitter good morning I'd like to reserve three minutes for rebuttal if I have requests will be granted may it please the court carry flitter for the appellant Courtney Douglas there was evidence in the record below from the report of mr. Hendrickson from the testimony of the defense expert barrows that an account number constitutes personal identifying information the statute that we're here reviewing fair debt collection practices act 1692 f8 bars the inclusion of any language or symbol on an envelope except name and address it is not absurd to apply that section to bar the inclusion of personal identifying information on an envelope the court below relied on two cases from the Fifth Circuit in the Eighth Circuit that adopted what about the fact here mr. Flitter that this identifying information that you reference wasn't really on the envelope well that wasn't it was on it was on the letter which you could see through a window I would say that that was not an issue that was either argued by convergent or an issue in the district courts consideration the fact that it was visible through the glassine window rather than being on the envelope however we did cite to a case in our brief that hasn't come up often but there are one or two district court cases that say it's the functional equivalent if you can see it through the window it's the equivalent of being on the envelope okay and in granting summary judgment and dismissing the case in spite of the clear and simple language of 1692 f8 the district court relied upon two decisions one from the Fifth Circuit one from the Eighth Circuit for what has been called a benign language exception both of those cases arose from the most innocuous type markings on an envelope one I think said personal and confidential and one that said transmittal letter and the Fifth and the Eighth Circuit erected a an exception to the statute called the benign language exception that exception has never been of course adopted by this court it's never been applied by the Supreme Court and I submit this is not the case to do that the benign language exception as it's been called has its if this court is going to depart from the clear language of a statute the unambiguous language of a statute that says no language or symbols on an envelope then you need a very good reason to do it because of the deference to legislation now the Supreme Court and this court has a long history of accepting and applying the absurdity doctrine and that's obviously says that if a statute is unambiguous but applying it to the facts before you would yield a then the court has some leeway to to essentially judicially modify a statute so yours is an absolutist position here no language or symbol means no language or symbol yes your honor judge Mariani subject to the absurdity exception and if the case presents that would require the court to interpret it and yielding absurd result for example a stamp by literal application of the statute you can't put a stamp on the letter because that the stamp may have some language or symbol and it will be absurd to interpret it that way and in fact for the Fifth and the Eighth Circuit decisions the one that dealt with personal and confidential or transmittal letter I couldn't quarrel with the court saying transmittal letter is it leads to rather absurd result the court could decide that either way saying nothing on the envelope means nothing and I should add there was no evidence in the record below about why they needed to put anything on an envelope at all this has been the law for 35 years and he chose to put it on I do want to why is the interpretation that the existence of an account doesn't lead to an absurd interpretation because there is evidence in the record as well as the presence of a number of federal rules that an account number is a personal identifier and you may not put personal identifying information on an envelope it's no more absurd to say that a large financial institution like Convergent can't put a personal identifier on an envelope than it is for this Court of Appeals to say in half a dozen of its local rules that you can't put account numbers in our briefs if your honors turn to the briefs that we had to file in the case I had to redact the account numbers I don't think the this this circuit's rule and the Eastern District rule and a dozen other federal statutes to say you have to redact account numbers from public disclosures is absurd nor do I have to show that or would it be a reason for me to disobey the rule by saying well we haven't showed it harmed anybody yet so that I can file unredacted account numbers in this court until somebody comes along and they're the unfortunate victim of a data breach or identity theft that's within the legislative judgment that's where the court where the legislature 35 years ago said nothing on the outside of an envelope except name or address except and there's an exception except a debt collector may use his name if it doesn't indicate he's in the debt collection business and that's significant only for one reason the canon of statutory construction that where the legislature elects to put in one exception that indicates there was a great deal of thought given to that an most extraordinary circumstances as far as effectively implementing the FDCPA what purpose is served by finding that the disclosure of this facially at least unintelligible account number should be forbidden why why is that a useful a useful conclusion or a useful result in light of the the purpose of that statute I think time your honor bears that out and that is to say that you can't pick up the newspaper or magazine without reading some incidents of account numbers being hacked data breach and it's it's it's prudent that personal identifying information like a financial account number not be put on the exit outside of an envelope not be placed in the mail where countless strangers can look at it our expert testified to that the defense expert seated at his deposition that is personal identifying information and he would never recommend that one of his clients put it on the outside of an envelope wasn't the purpose of the statute to eliminate abusive collection practices in part it was sir yes and and if I can address that for a minute virtually all the cases that have come up under this subsection of the fair debt collection practices act virtually none of them have been privacy cases and that's what this is it's it's a it's a our claim is that putting a personal identifying information on outside of an envelope reaches a privacy concern that's stated as 1692 a all the prior cases have dealt with one of two things either embarrassment or humiliation or stating on the envelope that it's for the purpose of debt collection so what happened is when the district court went through the history of the other cases I think it improperly reduced the scope of the statute which says no markings or I shall say any markings language or symbol in the envelope may not include any language or symbol to reduce it to two prohibited items which is stating its debt collection or causing embarrassment and the fact is that those although those are proper subjects the previous cases only dealt with those two subjects I should add neither the fifth nor the Eighth Circuit nor any of the other cases have said it's okay to put an account number on an envelope well it was the Waldron decision here that preceded this but that dealt with the QR code that we're not dealing with on this appeal there has not been a prior decision from any court of appeals even in the district court saying that we will ignore 1692 f8 and it's okay to put personal identifiers on the outside of an envelope well that that same that begins with the statement a debt collector may collector may not use unfair or unconscionable means to collect or attempt to collect any debt and that seems to be the the overarching purpose of section 1692 for and and ought we not to read eight in light of of that express statutory purpose you may your honor but I think the the this court in the FTC against the check investors case was very very clear in interpreting the language plainly as it stated without limiting the general application of the foregoing that's your honor's reference to unfair or unconscionable without limiting the general application the following conduct is a violation of this section that's entirely unambiguous so it's very risky and really it's not permitted by our court or the Supreme Court's jurisprudence to tinker with the if it was deciding it in the first instance might have written the legislation a little bit differently and I should add there was absolutely nothing in this record about why they had to do it what why not just it's been the law for 35 years why not just follow it why put something on the envelope that tracks to the consumer you know I think if if the court is going to be rebalancing the text of a statute and we urge against that based on very settled principles you need to look at both sides well what is it now a stamp yes yes that's absurd you can't put a stamp on you could they had some window envelopes well no because we therefore they do mail them in window envelopes and the we note the importance of this is not to be overstated because this financial institution convergent mails out about eight million pieces of mail a year and the debt collection industry in general sends about a billion pieces of personal identifiers to be on envelopes is not insignificant was there any discussion of this aspect of privacy or revealing personal identifiers at the time the legislation was considered in the past I'm so late was it solely to prevent the embarrassment of having something on me the embarrassing to the it was both your honor and the issue of account numbers I do not recall seeing anywhere in the legislative history but I can say even more important than legislative history so far as I'm concerned is the declaration of purpose that stated in the act because legislative history of course can go back and forth and you have two sides of an aisle but 1692 print small a talks about abusive practices as I think judge Mariani referred there's abundant evidence of the use of abusive practices dot dot dot that contribute to invasions of individual privacy so certainly protection of individual privacy was one of the animating concerns as the act states I will unless the panel has a further question I'll reserve for my feedback on rebuttal Mr. Flitter Mr. per good morning your honors may please the court Richard per on behalf of convergent outsourcing for the reasons we have in our brief and of course for the reasons that I will discuss further we ask that the decision of the trial court be affirmed this case deals with two specific areas of inquiry that have been boiled down by the parties and recognized by the court the first of which quite simply deals with the statute itself 1692 f8 and the position taken by the plaintiff of course is that there is this all-encompassing any language and it bars the use of anything but the collector's name on the outside of the envelope I would note that if you took a literal interpretation of the statute as written the only thing based on this statute that could appear on an envelope is the debt collectors name and address in fact you couldn't put a stamp you couldn't put the consumers name you couldn't put the consumers street address state zip code or town it says any and the only thing that it mentions it says language or symbol so you could exclude a stamp from the words language well except what's on the stamp but it's a stamp but the only reference in the statute is the debt collectors address right so that's the only thing you did it defines language or symbol other than that seems pretty clear to me I you know I I understand this benign language exception where it came from it would have been very simple for Congress to put that exception in there they wanted this kind of an exception in the words using any language or symbol but they did and all they included was information about the debt collector nothing else what they go further and of course before in the section F which is to talk about unfair and unconscionable acts those acts that tend to humiliate threaten or manipulate a consumer into paying the debt and so the at that stage when you look at the statute which is not unambiguous in fact is ambiguous you then have to start looking at what was intended by the statute as a whole you say the statutes ambiguous yes the statute is ambiguous because all it speaks of is reflecting a debt collectors address and and speaks to no other why does that make an ambiguous because there's other things that appear on an envelope and in fact it doesn't just apply to envelopes that are put through the mail it also refers to telegrams I have a lot of envelopes my house they're pure white nothing on them at all except if I put to write something on them and you in order to send them through the mail you can get them a lot of play you can get eight million ten million whatever your number you need and in order to get them through the mail your honor you have to put an address ease okay it says okay it does not it says that's a says other than the debt collectors address yeah you need to put someone's you need to put a on the envelope in order to send it and it doesn't just refer to envelopes also refers to telegrams so the manner and method is a few years ago and I understand that your honor but if we're talking about the completeness of the statute there are other things that appear on the external outside of the telegram that would be other than the debt collectors address so in that regard particularly when read in the light of the initiating section F generally it means even the Federal Trade Commission in their staff commentary when talking about it says that it's not it's the purpose of it is to reveal that the contents were pertain to debt collection not to bar the use of harmless words so even the federal agency charged with interpreting even in a regulatory sense the statute concludes that its purpose was to prevent the disclosure of the fact that this is letter was in relation to the collection of a debt why is it useful for the debt collector to have this information visible well I think that in terms of why or why not I mean the record is not discussed in general I think that the testimony was by the mail house vendor that it was just included as part of the you heard counsel indicate the reasons why this is tell us tell us the opposing view of the creditor well I'll mention two things one is if you look at the actual envelope itself and I know that it's in a number of places including page three of the Capelli's brief you know there there are something that's visible through the envelope includes also the barcode which is known as the two-dimensional barcode used by mail houses and the Postal Service again that's also a symbol an item that's there that appears because technology has advanced in such a way today that both the dissemination of mail and the return receipt of mail is coded without having to reopen an envelope and so that's one of the purposes why information would be there without having to for their own collation and collection use but more importantly yeah but that doesn't you know that's fine and that's a convenience and that's that's modern technology but that still doesn't mean it complies with the Act but the Act again going back to the Act which is to bar unfair and unconscionable methods of debt collection but the Act does cite invasion of privacy as a core concern so then we get to the second question your honor which is taking a look at that information and is that an invasion of privacy now whether something's in account number as the court took a look at and evaluated below is a question of law the definitions of what's an account this is not in a financial account number this is not an account number that is used to engage in any sort of financial transaction it is an internal number created by Convergent for its use not for the consumers use if in this particular circumstance the consumers use is its account number with the underlying debt in this case is T-Mobile there is a particular T-Mobile account number that is the relationship between the consumer and the creditor and as you look at some of the definitions for example 15 U.S.C. 6809 section 4 when it talks about personally identical financial information it talks about information that's provided by a obtained by the Financial Institute neither of those two events occurred here because this is self-created by Convergent for its own internal processing or resulted from a transaction with the consumer again not a transaction with the consumer this is the the client in this case is T-Mobile between T-Mobile and Convergent they have nothing to do with the consumer or a service performed for the consumer not a service being performed by the internal docketing numbers then our own law firms client identifier for this file this is not a commercial accepted number for which you can engage in a financial transaction to which an asset could be affected such as a bank account number which you can use to either wire money in or out of bank accounts tell me tell me what the rule would be then if we were writing it the way you're explaining what what would be permissible and what would not be permissible and how we put everyone on notice as to what was permissible and what wasn't permissible well in a particular circumstance the court can affirm the decision of the trial court which found that section 1692 f8 did not pertain to everything under the Sun in other words meaning any did not mean any but that there are language symbols other indicia on the outside of an envelope which do not have the meaning which could humiliate threaten manipulate the consumer into paying a debt or which would otherwise constitute unfair or unconscionable conduct in the collection of the debt so it would be a two-step process one would be accepting and adopting a benign language exception similar to what many other courts have already done and to then in a separate analysis which would be what was done here is taking a look at what is on the outside of the envelope clearly if the letter had said personal and confidential debt collection letter there would be no argument that that goes beyond what the statute allows however if it just says personal confidential letter contains a jumble of numbers that have no meaning or usefulness to anyone in any financial transaction or anywhere that's left to the court to make those evaluations as a matter of law which you can do and to determine of definition of whether this constitutes financial information so there isn't any preset language other than to accept a benign language exception and then for the court in an individual circumstance to as it does evaluate what it is that's on the outside either it is as a matter of law not actionable as a matter of law actionable or a fact question in this case but couldn't you know Congress this has been on the books for a number of years you know Congress obviously has been concerned over many years with the allegations that they're unfair debt collection practices out there and Congress just to put their hands up and said you know we could sit here the entire session and try to articulate what we mean and exceptions but why don't we just say that any language or symbol is prohibited well Congress it's I mean I think it's realistic to think that they meant that instead of coming to us to say whether it is it or isn't just just say any language or symbol is again Congress may or may not have intended although again the Senate commentary which comments that the goal was to avoid the disclosure that the was that the collector was attempting to collect a debt was the purpose behind this statute but again if the court were to rely on any it can't just simply say any language and then start carving out exceptions relying on a strict construction of the statute because the statute says any other than the debt collectors address and it does not include anything else if you start going to a stamp if you start saying the consumers address name and telephone number are now permitted then you are moving beyond the simple words any and because sitting here we all understand that there needs to be something more on an envelope besides a return address in order for the letter to effectively be mailed in the United States postal system or to be sent via telegram as Congress said that you have to go beyond the simple word any and it requires some interpretation we know if there's mail there's got to be an address Congress says any but we know it says mail and a mail requires an address you know that would be an absurdity my concern is as I indicated here I mean I just don't see the language where they called for any benign language exception the by by virtue of not identifying in specifics exactly what goes on the envelope Congress has opened the door to allow the judicial branch to interpret the statute so that the intent of Congress to avoid unfair and unconscionable collection efforts are left in the hands of a case-by-case circumstance not to come up with a broad brush for a statute that was enacted in 1978 is now gone you might years that times change and they have allowed for that by effectively looking at what's unfair and unconscionable and in the intervening time I mean the 1988 staff commentary by the Federal Trade Commission said it pertains to debt collection not the bar the use of harmless words if Congress thought that the FTC was off its mark Congress since 1988 could have amended the statute to say absolutely not that's not what we meant but the agency the executive agency charged with interpretation at a regulatory level made a pronouncement and Congress didn't change that and they have done so in the past when they have been met with do we have any Chevron type deference to the it can be used as persuasive authority I don't know that it rises to the level of a formal rulemaking that would be there however the fact that it is out there the fact that these cases have existed for this period of time Goswami, Strand, there's 23 cases that talk about section f8 only one in which a court found that f8 was violated and in that case what was shown through the statement as you owe this amount and the dollar amount was there clearly unfair and unconscionable because you were disclosing to the public about why the purpose or the purpose of why that the letter was being sent now you said that you thought the statute was ambiguous do we have to find an ambiguity couldn't we to agree with you couldn't we find that the existence of a benign language exception is the only reasonable interpretation of the statute yes you can find that the benign language without saying that the statute because you can say that when you read section F the general 1692 F in conjunction as Judge Mariani pointed out in plaintiff's argument with f8 you know the letters it's including but not limited to means unfair and unconscionable conduct that the use of benign language on an envelope in whatever format is not unfair or unconscionable it was not designed to to be a violation of the FDCPA and so this court could do that and then affirm the decision of the district court which took a look at the account number in question determined it is what it determined what it was which was just a jumble of numbers that had no meaning beyond simply an internal evaluation to side as a matter of law there was no question of fact and summary judgment was warranted thank you thank you mr. per mr. flitter I think the court has every reason to be extremely reluctant to tinker with very clear legislation none of the courts are permitted to do that the issue was raised about the stamp and the address I would say again that that relates to a very narrow principle of statutory construction which is the absurdity doctrine and in the case of an address or a stamp yes you cannot apply the statute to to bar a stamp or an address and that would be an absurd result however the fact that the fact that the application of a statute to an extreme set of facts not present here might lead to an absurd result there does not mean that it's open season and the statute doesn't mean what it says for this court to adopt the benign language exception and again I want to say the issue is should there should should the statute be deemed absurd only if if interpretation here would be absurd there is nothing absurd about requiring that a financial institution not put personal identifying information on millions of pieces of mail just as it's not absurd for one federal statute after another and as I say this court's own rules to require redaction of account numbers and does that apply if the identification has it's entirely internal that is it it doesn't it's doesn't mean anything to the individual yes sir you don't look at that you the issue is is it personal identifying information and the the the regulations that we've cited the Federal Trade Commission speak to that and that's being able to connect up a consumer to a particular account and that's exactly what this does I mean you could argue any numbers a jumble of numbers my driver's license numbers a jumble of numbers my social security number without the dashes in it's a jumble of all personal identifiers and I think Judge Siriki raised a question that I had on my mind well where does it stop this this theory leaks a lot of water about well let's say the statute you put a benign language exception on it even though Congress didn't and you can allow it because this account number isn't linked to assets well suppose they have a bank account number and I have no money in it I have no money in the bank account is that okay I have no money in it so I guess that's okay now I make a deposit now I can't use it anymore or I close the account can they use that account number okay they can use it but then I reopen the account a few months later and I've deposited well now they can't use it again it would require this court to rewrite the statute and to effectively take the role of the Consumer Financial Protection Bureau in laying out a bright line test for what the financial institutions and debt collectors can and have to do and I submit Congress already did that and this is not a place to apply the absurdity doctrine because the is not absurd and it's unfair what is fair about personal identifiers on the outside of an envelope for for dozens of strangers to see and finally if I can just touch on the FTC it was raised there's no Chevron deference it wasn't rule and comment notice and comment rulemaking but the FTC never spoke to privacy the FTC talked about it's to prohibit debt collection notification that is a statement to debt collection or embarrassment the FTC has never said it's okay to invade privacy or include personal identifiers on collection correspondence should be reversed Thank You mr.